CLOSED, INTERPRETER

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CRIMINAL DOCKET FOR CASE #: 1:09-mj-00038-AJB All Defendants
# Internal Use Only

Case title: USA v. Chen
Other court case number: 3:02CR233-MU Western District of North Carolina, Charlotte Div

Date Filed: 01/12/2009
Date Terminated: 01/15/2009

Assigned to: Magistrate Judge Alan J. Baverman

### Defendant (1)

**Shanzeng Chen**
*TERMINATED: 01/15/2009*

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 1 6 2009

James N. Hatten, Clerk
By: B. Wams
Deputy Clerk

represented by **Jimmy Hardy**
Federal Defender Program
100 Peachtree Street, N.W.
The Equitable Building, Suite 1700
Atlanta, GA 30303
404-688-7530
Fax: 404-688-0768
Email: Jimmy_Hardy@FD.Org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

## Complaints

18:371 - CONSPIRACY TO
DEFRAUD THE UNITED STATES

## Disposition

## Plaintiff

USA        represented by **Mary Christine Roemer**
Office of United States Attorney
75 Spring Street, S.W.
600 United States Courthouse
Atlanta , GA 30303
404-581-6000
Email: mary.roemer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/12/2009 |  | Arrest (Rule 40) of Shanzeng Chen. (bse) (Entered: 01/16/2009) |
| 01/12/2009 | 1 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Jimmy Hardy as to Shanzeng Chen. Signed by Magistrate Judge Alan J. Baverman on 1/12/09. (bse) (Entered: 01/16/2009) |
| 01/12/2009 | 2 | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: Initial Appearance in Rule 5(c)(3) Proceedings as to Shanzeng Chen held on 1/12/2009. Identity hearing to be held on 1/15/09 at 10:00AM. Defendant is named defendant in indictment; held for removal to other district. Government's Motion for Detention filed. (Note: Indictment from WDNC is filed under Seal). (Tape #FTR). Interpreted by Sylvia Sham.(bse) (Entered: 01/16/2009) |
| 01/12/2009 | 3 | GOVERNMENT'S MOTION for Detention by USA as to Shanzeng Chen. (bse) (Entered: 01/16/2009) |
| 01/12/2009 | 4 | Order of Temporary Detention Pending Hearing pursuant to Bail Reform Act by Judge Alan J. Baverman as to Shanzeng Chen. Detention Hearing set for 1/15/2009 at 10:00 AM in ATLA Courtroom 1875 before Magistrate Judge Alan J. Baverman. (bse) (Entered: 01/16/2009) |
| 01/12/2009 |  | ORAL MOTION to Dismiss Indictment for an improper warrant by Shanzeng Chen. (bse) (Entered: 01/16/2009) |
| 01/12/2009 | 5 | Minute Entry for proceedings held before Magistrate Judge Alan J. Baverman: Detention Hearing as to Shanzeng Chen. Defendant waives identity hearing only. Waiver filed. 3 Government's Motion for Detention GRANTED. Defendant's Oral Motion to Dismiss Indictment for an improper warrant is DENIED. Commitment issued. (Tape #FTR). Interpreted by Sylvia Sham. |

|  |  | (bse) (Entered: 01/16/2009) |
|---|---|---|
| 01/15/2009 | 6 | WAIVER of Rule 40 Hearings by Shanzeng Chen. (bse) (Entered: 01/16/2009) |
| 01/15/2009 | 7 | ORDER OF DETENTION Pending Trial by Judge Alan J. Baverman as to Shanzeng Chen. (bse) (Entered: 01/16/2009) |
| 01/15/2009 | 8 | COMMITMENT TO ANOTHER DISTRICT as to Shanzeng Chen. Defendant committed to Western District of North Carolina. Signed by Magistrate Judge Alan J. Baverman on 1/15/09. (c: served by deputy clerk). (bse) (Entered: 01/16/2009) |
| 01/15/2009 | 9 | Magistrate Case Closed. Defendant Shanzeng Chen terminated. (bse) Modified on 1/16/2009. PDF incorrectly attached to this entry. (bse). (Entered: 01/16/2009) |
| 01/16/2009 | 10 | Transmittal of Rule 5(c)(3) Documents as to Shanzeng Chen, sent to Western District of North Carolina via certified mail, rrr. Original case file with certified copy of Commitment Order and docket sheet. (bse) (Entered: 01/16/2009) |

ORIGINAL
FILED IN OPEN COURT
U.S.D.C Atlanta

JAN 12 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHANZENG CHEN,

    Defendant.

CASE NO. 1:09-MJ-38-AJB

### ORDER APPOINTING COUNSEL

JIMMY HARDY

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 12th day of January, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**

| | | | | |
|---|---|---|---|---|
| MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1) | | FILED IN OPEN COURT | | |
| | | DATE: 1/12/09 | @ | 5:57 pm |
| | | TAPE: FTR | @ | 24 Mins. |
| **ORIGINAL** | | TIME IN COURT: | | |

MAGISTRATE JUDGE: ALAN J. BAVERMAN  
COURTROOM DEPUTY CLERK: Lisa Enix  
CASE NUMBER: 1:09-MJ-38-AJB  
DEFENDANT'S NAME: Shanzeng Chen  
AUSA: Mary Roemer  
DEFENDANT'S ATTY: Jimmy Hardy  
USPO / PTR: ( ) Retained ( ) CJA (X) FDP ( ) Waived

____ ARREST DATE ____

**X** Initial appearance hearing held.  **X** Defendant informed of rights.

**X** Interpreter sworn: Sylvia Sham - Sworn

### COUNSEL

**X** ORDER appointing Federal Defender as counsel for defendant.

____ ORDER appointing _____ as counsel for defendant.

____ ORDER: defendant to pay attorney's fees as follows: _____

### IDENTITY / PRELIMINARY HEARING

____ Defendant WAIVES identity hearing only.    ____ WAIVER FILED

**X** Identity hearing to be held on 1/15/09 at 10:00 am.   ____ Def is named def. in indictment/complaint; held for removal to other district.

____ Defendant WAIVES preliminary hearing in this district only.    ____ WAIVER FILED

____ Preliminary hearing held..   ____ Probable cause found; def. held to District Court for removal to other district

____ Removal hearing set/reset/cont to _____ @ _____

____ Commitment issued.

### BOND/PRETRIAL DETENTION HEARING

**X** Government motion for detention filed.  ( ) Verbal Motion   1/15/09   @ 10:00 AM

____ Pretrial hearing set for _____ @ _____   ( ) In charging district.

____ Bond/Pretrial detention hearing held.

**X** Government motion for detention  ( ) GRANTED ( ) DENIED ( ) WAIVED in this district

____ Pretrial detention ordered.   ____ Written order to follow.

____ BOND set at $ _____   ____ NON-SURETY   ____ SURETY
        ____ cash             ____ property     ____ Signature

____ SPECIAL CONDITIONS: _____

____ Bond filed. Defendant released.

____ Bond not executed. Defendant to remain in Marshal's custody.

____ Motion ( ) verbal) to reduce/revoke bond filed.

____ Motion to reduce/revoke bond   ____ GRANTED   ____ DENIED

ORIGINAL

FILED IN OPEN COURT
U.S.D.C Atlanta

JAN 12 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL ACTION |
| | : NO. 1:09-MJ-~~55~~ ASB |
| SHANZENG CHEN | : |

## GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney, and MARY C. ROEMER, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1. <u>Eligibility of Case.</u>

This case is eligible for a detention order because this case involves (check all that apply):

\_\_\_\_\_     Crime of violence (18 U.S.C. § 3156)

\_\_\_\_\_     Maximum sentence of life imprisonment or death

\_\_\_\_\_     10 + year drug offense

\_\_\_\_\_     Felony, with two prior convictions in the above categories

__X__     Serious risk the defendant will flee

\_\_\_\_\_     Serious risk of obstruction of justice

2. <u>Reason for Detention.</u>

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

__X__ Defendant's appearance as required

__X__ Safety of any other person and the community

3. <u>Rebuttable Presumption.</u>

The United States (will, will not) invoke the rebuttable presumption against defendant under § 3142(e). (If yes) The presumption applies because (check one or more):

_____ There is probable cause to believe defendant committed 10 + year drug offense.

_____ There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____ Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1)of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

2

(2) the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

_____ [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4. <u>Time for Detention Hearing.</u>

The United States requests the Court conduct the detention hearing:

__X__      At the initial appearance.

_____      After continuance of ___ day (not more than 3).

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated: this 12th day of January, 2009.

                        Respectfully submitted,

                        DAVID E. NAHMIAS
                        UNITED STATES ATTORNEY

                        MARY C. ROEMER
                        ASSISTANT U.S. ATTORNEY
                        600 U.S. Courthouse
                        75 Spring Street, SW
                        Atlanta, Georgia 30303
                        (404)581-6000
                        Ga. Bar No. 611790

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

Counsel for Defendant

This 12th day of January, 2009.

MARY C. ROEMER
ASSISTANT UNITED STATES ATTORNEY

5

AO 470 (Rev. 8/85) Order of Temporary Detention

FILED IN OPEN COURT
U.S.D.C. Atlanta

**ORIGINAL**

# UNITED STATES DISTRICT COURT

JAN 12 2009

_____NORTHERN_____ District of _____GEORGIA_____

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

V.

_____SHANZENG CHEN_____
*Defendant*

**ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO
BAIL REFORM ACT**

Case 1:09-MJ-38-AJB

Upon motion of the _____U. S. GOVERNMENT_____, it is ORDERED that a detention hearing is set ___1/15/09___ * at ___10:00 am___
         *Date*                        *Time*

before _____ALAN J. BAVERMAN_____
         *Name of Judicial Officer*

_____Courtroom 1875, U.S. Courthouse 75 Spring Street, S.W. Atlanta, GA 30303_____
         *Location of Judicial Officer*

Pending this hearing, the defendant shall be held in custody by (the United States marshal) _____

_____) and produced for the
         *Other Custodial Official*

Date: ___1/12/2009___                   _____
                                                *Judicial Officer*

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).

  A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

FILED IN OPEN COURT
DATE: 1/15/09 @ 10:47 am
TIME IN COURT: 23 Mins.

ORIGINAL

MAGISTRATE JUDGE: ALAN J. BAVERMAN
COURTROOM DEPUTY CLERK: Lisa Enix
CASE NUMBER: 1:09-MJ-38-AJB
DEFENDANT'S NAME: Shanzeng Chen
AUSA: Mary Roemer
DEFENDANT'S ATTY: Jimmy Hardy
USPO / PTR: _____
( ) Retained  ( ) CJA  (X) FDP  ( ) Waived

___ ARREST DATE _____
___ Initial appearance hearing held.
___ Defendant informed of rights.
X Interpreter sworn: Sylvia Sham

## COUNSEL

___ ORDER appointing Federal Defender as counsel for defendant.
___ ORDER appointing _____ as counsel for defendant.
___ ORDER: defendant to pay attorney's fees as follows: _____

## IDENTITY / PRELIMINARY HEARING

X Defendant WAIVES identity hearing only.  X WAIVER FILED
___ Identity hearing HELD.  ___ Def is named def. in indictment/complaint; held for removal to other district.
___ Defendant WAIVES preliminary hearing in this district only.  ___ WAIVER FILED
___ Preliminary hearing held..  ___ Probable cause found; def. held to District Court for removal to other district
___ Removal hearing set/reset/cont to _____ @ _____.
X Commitment issued.

## BOND/PRETRIAL DETENTION HEARING

___ Government motion for detention filed.  ( ) Verbal Motion _____
___ Pretrial hearing set for _____ @ _____  ( ) In charging district.)
X Bond/Pretrial detention hearing held.
X Government motion for detention (X) GRANTED ( ) DENIED ( ) WAIVED in this district
X Pretrial detention ordered.  X Written order to follow.
___ BOND set at $ _____  ___ NON-SURETY  ___ SURETY
   ___ cash  ___ property  ___ Signature
___ SPECIAL CONDITIONS: _____

___ Bond filed. Defendant released.
___ Bond not executed. Defendant to remain in Marshal's custody.
___ Motion ( ) verbal) to reduce/revoke bond filed.
___ Motion to reduce/revoke bond  ___ GRANTED  ___ DENIED

MINUTES:

Defendant's oral motion to dismiss the indictment for an improper warrant. The Court DENIED motion to dismiss.

EXHIBITS:

Original Exhibits _____ RETAINED by the Court _____ RETURNED to counsel

AO 466 (Rev. 9/92) Waiver of Rule 40 Hearings

FILED IN OPEN COURT
U.S.D.C Atlanta

# UNITED STATES DISTRICT COURT

JAN 15 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA
V.

SHANZENG CHEN

**WAIVER OF RULE 40 HEARINGS**
(Excluding Probation Cases)

CASE 1:09-MJ-38-AJB

I, __SHANZENG CHEN__, understand that in the __WESTERN__ District of __NORTH CAROLINA__, charges are pending alleging violation of __18:1028 Fraudulent Immigration Documents__ and that I have been arrested in this District and taken before a United States Magistrate Judge who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

(X) identity hearing

( ) preliminary examination

(X) identity hearing and have been informed I have no right to a preliminary examination

( ) identity hearing but request a preliminary examination be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_____
Defendant

1-15-09
_____
Date

_____
Defense Counsel

AO 472 (Rev. 3/86) Order of Detention Pending Trial

ORIGINAL

**UNITED STATES DISTRICT COURT**

NORTHERN District of GEORGIA

FILED IN OPEN COURT
U.S.D.C Atlanta
JAN 15 2009
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA
v.
SHANZENG CHEN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case 1:09-MJ-38-AJB

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that Probable cause exists that Δ entered and remained in US via false/forged/improperly issued documents. He is subject to an immigration detainer. He has not established lawful ties to community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

1/15/2009
*Date*

*Signature of Judicial Officer*
ALAN J. BAVERMAN, U. S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 94 (Rev 8/97) Commitment to Another District

# ORIGINAL UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA

FILED IN OPEN COURT
U.S.D.C. Atlanta

UNITED STATES OF AMERICA
V.

SHANZENG CHEN

COMMITMENT TO ANOTHER DISTRICT

JAN 1 6 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| NDGA | WDNC | 1:09-MJ-38-AJB | 3:02CR233-FDW-22 |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

X Indictment ___ Information ___ Complaint ___ Other (specify)

charging a violation of 18 U.S.C. § 371.F

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 1 6 2009

James N. Hatten, Clerk
By: B. Evans
Deputy Clerk

**DISTRICT OF OFFENSE**
WESTERN DISTRICT OF NORTH CAROLINA

**DESCRIPTION OF CHARGES:**

CONSPIRACY TO DEFRAUD THE UNITED STATES

**CURRENT BOND STATUS:**

☐ Bail fixed at _____ and conditions were not met
☒ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

**Representation:** ☐ Retained Own Counsel  X Federal Defender Organization  ☐ CJA Attorney  ☐ None

**Interpreter Required?** ☒ No  (Yes)  Language Chinese

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named witness and to transport that witness with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the witness to the United States Marshal for that District or to some other officer authorized to receive the witness.

1/15/2009
Date

_____
United States Judge or Magistrate Judge

**RETURN**

This commitment was received and executed as

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |